FILED
2017 Apr-19  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



**CORPORATION SERVICE COMPANY**

**null / ALL**
**Transmittal Number: 16395106**
**Date Processed: 03/21/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sharon Sauer<br>Jefferson Capital International<br>16 McLeland Road<br>St. Cloud, MN 56303 |
| **Electronic copy provided to:** | Joe Fejes |

| | |
|---|---|
| **Entity:** | Jefferson Capital Systems LLC<br>Entity ID Number  3114582 |
| **Entity Served:** | Jefferson Capital Systems, Inc. |
| **Title of Action:** | Brittany Crane Rhinehart vs. Diversified Central, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Cherokee County Circuit Court, Alabama |
| **Case/Reference No:** | 13-CV-2017-900018.00 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 03/20/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | H. Gregory Harp<br>205-544-3132 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



**AlaFile E-Notice**

13-CV-2017-900018.00

To:  JEFFERSON CAPITAL SYSTEMS, INC.
C/O CSCLAWYERS INCORP SVC
150 SOUTH PERRY STREET
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

BRITTANY CRANE RHINEHART V. DIVERSIFIED CENTRAL, INC. ET AL
13-CV-2017-900018.00

The following complaint was FILED on 3/8/2017 3:49:53 PM

Notice Date:      3/8/2017 3:49:53 PM

DWAYNE AMOS
CIRCUIT COURT CLERK
CHEROKEE COUNTY, ALABAMA
100 MAIN STREET
CENTRE, AL, 35960

256-927-3637

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>13-CV-2017-900018.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CHEROKEE COUNTY
### BRITTANY CRANE RHINEHART V. DIVERSIFIED CENTRAL, INC. ET AL

JEFFERSON CAPITAL SYSTEMS, INC., C/O CSCLAWYERS INCORP SVC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY H. GREGORY HARP

WHOSE ADDRESS IS 459 Main Street Ste. 101-266, Trussville, AL 35173 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     BRITTANY CRANE RHINEHART
pursuant to the Alabama Rules of the Civil Procedure

Date   3/8/2017 3:49:53 PM      /s/ DWAYNE AMOS
                             Clerk/Register
                             100 MAIN STREET
                             CENTRE, AL 35960

☑ Certified Mail is hereby requested     /s/ H. GREGORY HARP
                                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                  (Date)

_____      _____      _____
Date      Server's Signature      Address of Server

_____      _____      _____
Type of Server      Server's Printed Name

                                                  _____
                                                  Phone Number of Server

ELECTRONICALLY FILED
3/8/2017 3:49 PM
13-CV-2017-900018.00

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>13<br>Date of Filing:<br>03/08/2017 | CIRCUIT COURT OF<br>CHEROKEE COUNTY, ALABAMA<br>DWAYNE AMOS, CLERK<br><br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA
### BRITTANY CRANE RHINEHART v. DIVERSIFIED CENTRAL, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
      Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
      Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**          A ☐ **APPEAL FROM**          O ☐ **OTHER**
                                                **DISTRICT COURT**

            R ☐ **REMANDED**                  T ☐ **TRANSFERRED FROM**
                                                **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a
                                               jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
      HAR299                    3/8/2017 3:49:35 PM                  /s/ H. GREGORY HARP
                                 Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
3/8/2017 3:49 PM
13-CV-2017-900018.00
CIRCUIT COURT OF
CHEROKEE COUNTY, ALABAMA
DWAYNE AMOS, CLERK

## IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

BRITTANY CRANE                     ]
RHINEHART;                         ]
                                   ]
v.                                 ]
                                   ]
DIVERSIFIED CENTRAL, INC.;         ]
DIVERSIFIED CONSULTANTS,           ]
INC.; JEFFERSON CAPITAL            ]
SYSTEMS, LLC;                      ]
                                   ]
     Defendants.                   ]

### COMPLAINT

COMES NOW, the Plaintiff Brittany Crane Rhinehart ("Plaintiff Rhinehart"),

pursuant to the Racketeer Influenced and Corrupt Organizations Act as codified at 18

U.S.C. § 1961 *et seq*., ("RICO"); pursuant to the Telephone Consumer Protections Act as

codified at 47 U.S.C. § 227 *et seq*. ("TCPA"); and pursuant to the laws of the State of

Alabama, and files the following causes of action premised on both violations of RICO,

and violations of the TCPA, as well as violations of Alabama state law:

### JURISDICTION

1.    The Honorable Court has original jurisdiction over this action pursuant to 27

U.S.C. § 227(b)(3)[1]; pursuant to 18 U.S.C. § 1961[2]; and pursuant to the Alabama Rules

of Civil Procedure.

### VENUE

2.    Venue is proper in this Honorable Court pursuant to § 6-3-7(a) Code of Alabama

(1975), because some or all of the acts complained of herein and that give rise to this

complaint occurred in this County.

---

[1] **PRIVATE RIGHT OF ACTION** A person or entity may, if otherwise permitted by the laws or rules of
[2] *See generally*, Tafflin v. Levitt, 493 U.S. 455 (1990) (holding that state courts hold concurrent jurisdiction
with federal courts in regards to RICO actions).

1

## PARTIES

3.     Plaintiff **Brittany Crane Rhinehart ("Plaintiff Rhinehart")**, at all times relevant and material was and is a resident of Cherokee County, Alabama.

4.     Defendant **Diversified Central, Inc. ("Diversified Central")** is a Florida corporation whose principal place of business is located at **10550 Deerwood Park Boulevard, Suite 708 Jacksonville, Florida 32256** and who may be served c/o its registered agent in the State of Alabama **INCORP SERVICES INC., 2094 MYRTLEWOOD DRIVE, MONTGOMERY, AL 36111.**

5.     Defendant **Diversified Consultants, Inc. ("Diversified Consultants")** is a Florida corporation whose principal place of business is located at **10550 Deerwood Park Boulevard, Suite 708 Jacksonville, Florida 32256** and who may be served c/o its registered agent in the State of Alabama **INCORP SERVICES INC., 2094 MYRTLEWOOD DRIVE, MONTGOMERY, ALABAMA 36111.**

6.     Defendant **Jefferson Capital Systems, LLC ("Jefferson Capital")** is a Georgia corporation whose principal place of business is **16 McLeland Road St. Cloud, Minnesota 56303** who may be served **CSC LAWYERS INCORPORATING SVC INC., 150 SOUTH PERRY STREET MONTGOMERY, ALABAMA 36104.**

## THE PREDICATE FACTUAL ALLEGATIONS RELATIVE TO PLAINTIFF RHINEHART'S RICO CLAIMS

7.     Plaintiff Rhinehart has received, and continues to receive letters and telephone calls from Diversified Consultants, Diversified Capital and/or Jefferson Capital in regards to alleged monies owed to Jefferson Capital.

2

8.      Jefferson Capital is a debt collector as the term "debt collector" is given definition by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C § 1692a(6)[3].

9.      Defendant Diversified Consultants is a debt collector as the term "debt collector" is given definition by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C § 1692a(6). Further, Diversified Consultants is an "entity" as defined in the TCPA.

10.     Defendant Diversified Capital is a debt collector as the term "debt collector" is given definition by the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C § 1692a(6).

11.     Defendant Diversified Capital is an "entity" as defined in the TCPA.

12.     Section 1692a(6) of the FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)

13.     Defendant Jefferson Capital engaged in a pattern of racketeering activity against Plaintiff Rhinehart.

14.     Defendant Diversified Capital engaged in a pattern of racketeering activity against Plaintiff Rhinehart.

15.     Defendant Diversified Consultants engaged in a pattern of racketeering activity against Plaintiff Rhinehart.

16.     For purposes of RICO, "pattern of racketeering activity" is defined to be a pattern that has both continuity and relationship.

---

[3] At this time, the Plaintiff does not elect to bring suit pursuant to the FDCPA.

3

17.     This pattern racketeering activity by Defendant Jefferson Capital began with Defendant Jefferson Capital sending or causing to be sent multiple letters to Plaintiff Rhinehart claiming that she owed Defendant Jefferson Capital money; and demanding that she pay monies to Defendant Jefferson Capital.

18.     This pattern racketeering activity by Defendant Diversified Consultants began with Defendant Diversified Consultants sending multiple letters to Plaintiff Rhinehart claiming that she owed Defendant Jefferson Capital and/or Defendant Diversified Consultants money; and demanding that she pay monies to them.

19.     The pattern of racketeering activity by Defendant Diversified Consultants also includes Defendant Diversified Consultants making multiple telephone calls to Plaintiff Rhinehart's personal telephone demanding payment for money from Plaintiff Rhinehart.

20.     The pattern of racketeering activity by Defendant Diversified Consultants also includes Defendant Diversified Consultants making multiple telephone calls to Plaintiff Rhinehart's employer's business telephone demanding payment for money from Plaintiff Rhinehart.

21.     The pattern of racketeering by Defendant Diversified Consultants continues to this moment, and there is certainly a threat that such activity will continue into the future.

22.     The patterns of racketeering by Defendant Diversified Capital continue to this moment, and there is certainly a threat that such activity will continue into the future.

23.     The patterns of racketeering by Defendant Jefferson Capital continue to this moment, and there is certainly a threat that such activity will continue into the future.

4

24.     The activities of racketeering by Defendant Diversified Consultants continue, and there is no evidence available to Plaintiff Rhinehart that even suggests discontinuance of these activities.

25.     The activities of racketeering by Defendant Diversified Capital continue, and there is no evidence available to Plaintiff Rhinehart that even suggests discontinuance of these activities.

26.     The activities of racketeering by Defendant Jefferson Capital continue, and there is no evidence available to Plaintiff Rhinehart that even suggests discontinuance of these activities.

27.     Continuation of these patterns of racketeering by Defendant Diversified Consultants is also a continuation of damages to Plaintiff Rhinehart.

28.     Continuation of these patterns of racketeering by Defendant Diversified Capital is also a continuation of damages to Plaintiff Rhinehart.

29.     Continuation of these patterns of racketeering by Defendant Jefferson Capital is also a continuation of damages to Plaintiff Rhinehart.

## CAUSE OF ACTION ONE
### (RICO Claims as to Defendant Jefferson Capital)

30.     Defendant Jefferson Capital, through United States mail sent or caused to be sent letters to Plaintiff Rhinehart that contained false statements.

31.     Defendant Jefferson Capital, through the United States mail sent or caused to be sent letters to Plaintiff Rhinehart that contained misleading statements.

32.     Defendant Jefferson Capital knew of the falsity of the statements contained in the mailings sent or caused to be sent by Defendant Jefferson Capital to Plaintiff Rhinehart.

5

33.     Defendant Jefferson Capital knew that the statements contained in the mailings sent or caused to be sent to Plaintiff Rhinehart were misleading.

34.     Defendant Jefferson Capital purposely and willfully misrepresented to Plaintiff Rhinehart that Defendant Jefferson Capital was a creditor to Plaintiff Rhinehart.

35.     Defendant Jefferson Capital knew at the time that the mailings were sent to Plaintiff Rhinehart that Defendant Jefferson Capital was not and could not be a creditor to Plaintiff Rhinehart.

36.     Defendant Jefferson Capital fraudulently misrepresented to Plaintiff Rhinehart that Defendant Jefferson Capital was a creditor to Plaintiff Rhinehart in an attempt to get Plaintiff Rhinehart to alter her position.

37.     Defendant Jefferson Capital did get Plaintiff Rhinehart to alter her position by convincing Plaintiff Rhinehart to pay money to Defendant Jefferson Capital based on the misrepresentations made in the mailings from Defendant Jefferson Capital to Plaintiff Rhinehart.

38.     Plaintiff Rhinehart has been damaged by the herein described actions of Defendant Jefferson Capital.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rhinehart demands judgment and treble damages against Defendant Jefferson Capital for violations of the RICO statutes causes by Defendant Jefferson Capital's fraud in an amount to be determined by a struck jury.

## CAUSE OF ACTION TWO
### (RICO Claims As to Defendant Diversified Consultants)

39.     Plaintiff Rhinehart further alleges:

6

40.     Defendant Diversified Consultants, through United States mail sent letters to Plaintiff Rhinehart that contained false and misleading statements.

41.     Defendant Diversified Consultants, through the United States mail sent letters to Plaintiff Rhinehart that contained misleading statements.

42.     Defendant Diversified Consultants knew of the falsity of the statements contained in the mailings sent by Defendant Diversified Consultants to Plaintiff Rhinehart.

43.     Defendant Diversified Consultants knew that the statements contained in the mailings sent to Plaintiff Rhinehart were misleading.

44.     Defendant Diversified Consultants purposely and willfully misrepresented to Plaintiff Rhinehart that Defendant Diversified Consultants was a creditor to Plaintiff Rhinehart.

45.     Defendant Diversified Consultants knew at the time that the mailings were sent to Plaintiff Rhinehart that Defendant Diversified Consultants was not and could not be a creditor to Plaintiff Rhinehart.

46.     Defendant Diversified Consultants fraudulently misrepresented to Plaintiff Rhinehart that Defendant Diversified Consultants was a creditor to Plaintiff Rhinehart in an attempt to get Plaintiff Rhinehart to alter her position.

47.     Defendant Diversified Consultants did get Plaintiff Rhinehart to alter her position by convincing Plaintiff Rhinehart to pay money to Defendant Diversified Consultants based on the misrepresentations made in the mailings from Defendant Diversified Consultants to Plaintiff Rhinehart.

48.     Plaintiff Rhinehart has been damaged by the herein described actions of Defendant Diversified Consultants.

7

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rhinehart demands judgment and treble damages against Defendant Diversified Consultants for violations of the RICO statutes causes by Defendant Diversified Consultant's fraud.

### CAUSE OF ACTION THREE
### (TCPA Violations – Defendant Diversified Consultants)

49.     Plaintiff Rhinehart further alleges:

50.     Defendant Diversified Consultants violated the TCPA on multiple occasions.

51.     Defendant Diversified Consultants is not attempting to collect monies on behalf of any original creditor of Plaintiff Rhinehart.

52.     Defendant Diversified Consultants employed the use of an automatic telephone-dialing machine to store Plaintiff Rhinehart's personal telephone number while attempting to collect monies from Plaintiff Rhinehart.

53.     Defendant Diversified Consultants employed the use of an automatic telephone-dialing machine to store Plaintiff Rhinehart's employer's telephone number.

54.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's telephone number on multiple occasions.

55.     Defendant Diversified Consultants' automatic telephone dialing machine randomly dialed Plaintiff Rhinehart's employer's telephone number on multiple occasions.

56.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 27, 2106 at 1:48 P.M. CST.

57.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 27, 2106 at 11:00 A.M. CST.

8

58.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 28, 2016, at 1:23 P.M. CST.

59.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 29, 2016 at 11:19 P.M. CST.

60.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 29, 2016 at 3:59 P.M. CST.

61.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 29, 2016 at 4:44 P.M. CST.

62.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on December 30, 2106 at 1:03 P.M. CST.

63.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 3, 2017 at 3:15 P.M. CST.

64.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 3, 2017 at 4:15 P.M. CST.

65.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 4, 2017 at 6:51 P.M. CST.

66.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 5, 2017 at 3:35 P.M. CST.

67.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 6, 2017 at 12:12 P.M. CST.

68.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 9, 2017 at 10:34 A.M. CST.

69.     Defendant Diversified Consultant's automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 10, 2017 at 9:26 A.M. CST.

70.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 11, 2017 at 10:32 A.M. CST.

71.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 12, 2017 at 10:33 A.M. CST.

72.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 13, 2017 at 10:18 A.M. CST.

73.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 13, 2017 at 7:13 P.M. CST.

74.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 17, 2017 at 2:29 P.M. CST.

75.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 13, 2017 at 10:06 A.M. CST.

76.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on January 18, 2017 at 9:45 A.M. CST.

77.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 6, 2017 at 10:55 A.M. CST.

78.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 8, 2017 at 1:52 P.M. CST.

79.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 16, 2017 at 9:04 A.M. CST.

10

80.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 10, 2017 at 10:23 A.M. CST.

81.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 14, 2017 at 10:27 A.M. CST.

82.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 17, 2017 at 8:21 A.M. CST.

83.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 20, 2017 at 12:14 P.M. CST.

84.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 23, 2017 at 10:44 A.M. CST.

85.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 23, 2017 at 4:13 P.M. CST.

86.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on February 24, 2017 at 10:05 A.M. CST.

87.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on March 1, 2017 at 11:10 A.M. CST.

88.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on March 2, 2017 at 10:04 A.M. CST.

89.     Defendant Diversified Consultants' automatic telephone dialing machine dialed Plaintiff Rhinehart's personal telephone on March 2, 2017 at 5:04 P.M. CST.

90.     Defendant Diversified Consultants' violations of the TCPA are ongoing, as Defendant Diversified Consultants continues to contact the Plaintiff's personal telephone using its automatic telephone-dialing machine to this very day.

11

91.     Defendant Diversified Consultants continues to use its automatic telephone-dialing machine to contact the Plaintiff's employer.

92.     Defendant Diversified Consultants used, and uses the following telephone numbers in violating Plaintiff Rhinehart's rights under the TCPA: (256) 801-4086; (256) 850-4991; (256) 801-4040; (256) 801-4098; (256) 801-4047; (256) 801-4051; and (256) 801-4050.

93.     Plaintiff Rhinehart has, on multiple occasions requested the Defendant Diversified Consultants stop placing calls to her and her employer using its automatic telephone-dialing machine.

94.     Despite these many requests, Defendant Diversified Consultants continues to violate the TCPA in regards to Plaintiff Rhinehart.

95.     Plaintiff Rhinehart's damages continue to grow as a result.

        WHEREFORE, PREMISES CONSIDERED, Plaintiff Rhinehart demands judgment against Defendant Diversified Consultants for violations of the TCPA in the amounts allowed under the TCPA, plus interest, cost and attorneys fees.

### CAUSE OF ACTION FOUR
### Civil Conspiracy – As to Defendant Diversified Consultants; Defendant Jefferson Capital & Defendant Diversified Central

96.     Plaintiff Rhinehart further alleges:

97.     Defendant Diversified Consultants, Defendant Jefferson Capital, and Defendant Diversified Central engaged in a civil conspiracy against Plaintiff Rhinehart.

98.     Defendant Diversified Consultants did, on multiple occasions conspire with Defendant Jefferson Capital to send fraudulent letters to Plaintiff Rhinehart in which

12

Defendant Diversified Consultants identified Defendant Jefferson Capital as a "creditor" of Plaintiff Rhinehart.

99.     Defendant Diversified Consultants sent said fraudulent letters to Plaintiff Rhinehart with the intent to defraud Plaintiff Rhinehart into paying money to Defendant Diversified Consultants for the benefit of Defendant Jefferson Capital.

100.    Plaintiff Rhinehart did, after receipt of one of these fraudulent letters alter her position and pay money through the electronic draft of funds from her bank account.

101.    Defendant Diversified Consultants, Defendant Jefferson Capital, and Defendant Diversified Central conspired through the aforementioned mail fraud to defraud Plaintiff Rhinehart and indeed caused her to pay Defendant Diversified Consultants monies that she did not owe.

102.    The actions of Defendant Diversified Consultants, Defendant Jefferson Capital and Defendant Diversified Central were willful and wanton.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rhinehart prays for judgment against Defendant Diversified Consultants, Defendant Jefferson Capital and Defendant Diversified Central; and demands compensatory damages for loss of reputation, emotional distress and mental anguish incurred by Plaintiff Rhinehart as a result of the aforementioned conspiracy. Plaintiff Rhinehart further prays for punitive damages in an amount to be awarded by the jury.

## CAUSE OF ACTION FIVE
### WANTONNESS – As to Defendant Diversified Consultants; Defendant Jefferson Capital & Defendant Diversified Central

103.    Plaintiff Rhinehart further alleges:

104.    Each and every afore-described actions of Defendant Diversified Consultants were committed against Plaintiff Rhinehart with malice and aforethought and were willful and wanton in nature.

105.    Each and every afore-described actions of Defendant Diversified Central were committed against Plaintiff Rhinehart with malice and aforethought and were willful and wanton in nature.

106.    Each and every afore-described actions of Defendant Jefferson Capital were committed against Plaintiff Rhinehart with malice and aforethought and were willful and wanton in nature.

107.    The afore-described actions of Defendant Diversified Consultants caused and cause the Plaintiff continuing emotional distress, sleepless nights, and mental anguish.

108.    The afore-described actions of Defendant Diversified Capital caused and cause the Plaintiff continuing emotional distress, sleepless nights, and mental anguish.

109.    The afore-described actions of Defendant Jefferson Capital caused and cause the Plaintiff continuing emotional distress, sleepless nights, and mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rhinehart prays for compensatory and punitive damages for the wanton and willful conduct of Defendant Diversified Consultants, Diversified Capital and Defendant Jefferson Capital in the amount of $5,000,000.00

14

## JURY DEMAND

Plaintiff Rhinehart demands trial by stuck jury pursuant the Ala. R. Civ. P. 38.

Respectfully submitted,

*s/ H. Gregory Harp*
H. Gregory Harp (HAR299)
GREGORY HARP LLC
459 Main Street Suite 101-266
Trussville, Alabama 35173
205.544.3132 (Telephone)
gh@gregoryharplaw.com

15

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>13-CV-2017-900018.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CHEROKEE COUNTY
### BRITTANY CRANE RHINEHART V. DIVERSIFIED CENTRAL, INC. ET AL

NOTICE TO JEFFERSON CAPITAL SYSTEMS, INC., C/O CSCLAWYERS INCORP SVC 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY H. GREGORY HARP

WHOSE ADDRESS IS 459 Main Street Ste. 101-266, Trussville, AL 35173

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    BRITTANY CRANE RHINEHART

pursuant to the Alabama Rules of the Civil Procedure

Date   3/8/2017 3:49:53 PM      /s/ DWAYNE AMOS

Clerk/Register
100 MAIN STREET
CENTRE, AL 35960

| ☑ Certified Mail is hereby requested | /s/ H. GREGORY HARP<br>Plaintiff's/Attorney's Signature |
|---|---|

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server

### 13-CV-2017-900018.00
BRITTANY CRANE RHINEHART V. DIVERSIFIED CENTRAL, INC. ET AL

C001 - BRITTANY CRANE RHINEHART                v.    D003 - JEFFERSON CAPITAL SYSTEMS, INC.

Plaintiff                                                   Defendant



## SERVICE RETURN

H GREGORY HARP
459 MAIN ST
STE 101-266
TRUSSVILLE AL 35173



CERTIFIED MAIL



7015 3430 0000 8537 1780



1000



36104

U.S. POSTAGE
PAID
TRUSSVILLE, AL
35173
MAR 16 17
AMOUNT
**$7.71**
R2305H126311-08

JEFFERSON CAPITAL SYSTEMS INC
C/O CSCLAWYERS INCORP SVC
150 SOUTH PERRY ST
MONTGOMERY AL 36104