### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DISTRICT

| | |
|---|---|
| **BRITTANY CRANE RHINEHART,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 4:17-cv-00624-SGC |
| ) | |
| **DIVERSIFIED CENTRAL, INC.;** ) | |
| **DIVERSIFIED CONSULTANTS, INC.;** ) | |
| **JEFFERSON CAPITAL SYSTEMS, LLC** ) | |
| ) | |
| **Defendants.** ) | |

### MOTION AND MEMORANDUM TO DISMISS

Now comes Defendants, Jefferson Capital Systems, LLC ("JCAP"), and Diversified Consultants, Inc. d/b/a Diversified Central Inc. ("DCI") (collectively, the "Defendants"), by and through undersigned counsel, who move this Honorable Court to dismiss the claims filed by Plaintiff, Brittany Crane Rhinehart, pursuant to Fed. R. Civ. P. 12(b)(6).  As discussed in greater detail below, Plaintiff has failed to state a claim upon which relief may be granted.

### I.  INTRODUCTION

Plaintiff alleges Defendants engaged in a criminal conspiracy giving rise to violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and related state law.  However, the complaint is threadbare and contains virtually no assertions of fact whatsoever.  Instead, Plaintiff has filed a lengthy complaint full of recitations of statutes and law, but completely devoid of any substance

or allegations of facts sufficient to meet the minimum pleading standards of Fed. R. Civ. P. 8 and *Iqbal* and *Twombly*. Moreover, because Plaintiff's claims are almost entirely based on allegations of fraud, the Complaint is even more deficient for failing to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). As explained in greater detail below, this Court should dismiss all of Plaintiff's claims for failure to state a claim.

## II.  BACKGROUND AND PROCEDURAL HISTORY

On March 8, 2017, Plaintiff filed the instant lawsuit against Defendants.[1] Despite its length, the complaint says very little and consists almost entirely of bald recitals of the statutes and torts Plaintiff alleges Defendants violated.

In a section styled "The Predicate Factual Allegations Relative to Plaintiff Rhinehart's RICO Claims," Plaintiff broadly alleges Defendants, who she identifies as debt collectors, "engaged in a pattern of racketeering activity against Plaintiff Rhinehart" that includes "sending multiple letters" and "making multiple phone calls" to collect a debt. *See* Docket No. 1, Complaint, ¶¶ 7-29. She broadly alleges the activity "continues to this moment" and that such continuation "is also a continuation of damages to Plaintiff Rhinehart." *Id*. However, Plaintiff does not attach any letters to the complaint or provide any details about the letters. She does not identify how many letters were sent, or provides a single quote of the allegedly criminal language.

Plaintiff alleges 5 causes of action. In Counts I and II Plaintiff alleges JCAP and DCI, respectively, violated RICO. *Id*. at ¶¶ 30-48. She alleges each Defendant mailed

---

[1] Plaintiff named Diversified Consultants, Inc. and Diversified Central, Inc. as separate and independent Defendants. However, Diversified Central, Inc. is simply a registered name for Diversified Consultants, Inc.

2

her letters misrepresenting that they were "a creditor to Plaintiff Rhinehart." *Id*. She alleges Defendants "fraudulently misrepresented to Plaintiff Rhinehart" that they were creditors to make her "alter her position" and pay money, which she did. *Id*. She alleges she has, therefore, been damaged. *Id*. Nowhere in Count I or II does Plaintiff provide any particulars about the letters, such as the date they were sent, what they said (there are no quotes or passages from the alleged letters), when she received them, when she made payment, how she made payment, how much she paid, who she paid, etc.

In Count III, Plaintiff alleges DCI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id*. at ¶¶ 49-95. She conclusively alleges DCI used an "automatic telephone dialing machine" to dial her "personal telephone number" and her "employer's telephone number." *Id*. Plaintiff identifies 33 calls and provides the dates and times of such calls, but she does not describe the details such as whether they were answered, whether there was a conversation, etc. *Id*.

In Count IV, Plaintiff alleges the Defendants are liable for civil conspiracy by conspiring to send "fraudulent letters" identifying JCAP as a creditor of Plaintiff. *Id*. at ¶¶ 96-102. Plaintiff alleges she "alter[ed] her position" and paid money as a result of Defendants' "mail fraud." *Id*.

In Count V, Plaintiff alleges Defendants are liable for wantonness because the aforementioned acts were committed "with malice and aforethought and were willful and wanton in nature." *Id*. at ¶¶ 103-109.

On April 18, 2017, Defendants timely removed this matter to this Court.

3

## III.  LAW AND ARGUMENT

Under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1).  As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Whether a complaint states a plausible claim for relief is a fact-specific determination for the court, drawing on judicial experience as well as common sense. *Iqbal*, 556 U.S. at 679. *Twombly* instructs courts faced with a motion to dismiss to accept the complaint's purely factual allegations as true and determine whether those facts state a claim.

In complaints alleging fraud, Fed. R. Civ. P. 9(b) holds the Plaintiff to a higher pleading standard requiring the Plaintiff to allege fraud "with particularity." *Fowler v. Goodman Mfg. Co. LP*, 2014 WL 7048581, *8 (N.D. Ala. 2014).  In order to allege fraud with particularity, a Plaintiff must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the Plaintiff, and (4) what the Defendants obtained as a consequence of the

4

fraud." *Id.* (*quoting Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1191, 1202 (11th Cir. 2001) (internal quotation omitted)).

### A.  *Plaintiff Fails To State A Claim Under RICO*

Plaintiff seeks relief pursuant to the civil RICO statute, though she does ***not*** cite to ***any*** provisions of the statute in her lengthy complaint.  It appears Plaintiff seeks relief under 18 U.S.C. § 1964(c), which provides in relevant part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]" 18 U.S.C. § 1964(c).

As a threshold matter, a successful RICO claim requires a Plaintiff to establish the essential basics of a RICO enterprise as well as a "pattern of racketeering activity." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004). A RICO enterprise exists "where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." *Id.* (*quoting United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)).  "Racketeering activity" includes certain predicate criminal acts defined by statute. 18 U.S.C. § 1961(1)(B).  "A pattern is established by at least two acts of racketeering activity the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013).  These predicate acts must be related to one another and demonstrate criminal conduct of a continuing nature.  *Jackson*, 372 F.3d at 1264.

Proximate causation is a RICO requirement. *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

### 1. Plaintiff Has Not Alleged Predicate Acts

The term "racketeering activity" is defined by a list of federal criminal acts, commonly known as the predicate acts. 18. U.S.C. § 1961(1). While unclear, it appears Plaintiff alleges Defendants violated sections relating to mail fraud and wire fraud. *Id*. The term "pattern of racketeering activity" is defined as requiring "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

Mail and wire fraud claims are governed by the same elements. *United States v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011); *see also* 18 U.S.C. §§ 1341, 1343. "Both offences require that a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses or causes the use of the mails or wires for the purpose of executing the scheme or artifice." *United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007). "Mail fraud [] occurs whenever a person, having devised or intending to devise any scheme or artifice to defraud, uses the mail for the purpose of executing such scheme or artifice or attempting so to do." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

Where substantive RICO violations are based upon fraud, the "allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard." *Adell v. Macon Cty.*

6

*Greyhound Park, Inc.*, 785 F. Supp. 2d 1226, 1231 (M.D. Ala. 2011) (*quoting Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)); *accord Liquidation Commn. of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008) ("When a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity, in accordance with Fed. R. Civ. P. 9(b)."); *Ambrosia Coal&& Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.").

Accordingly, pursuant to Rule 9(b), a Plaintiff pursuing a RICO complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Am. Dental*, 605 F.3d at 1291 (*quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

While Plaintiff's allegations of mail fraud likely fail the *Twombly* standard under Rule 8, they most certainly fail the heighted requirements under Rule 9. Plaintiff broadly alludes to letters sent by Defendants and phone calls made by DCI. However, Plaintiff does not attach copies of the letter(s) to the complaint, or include any images of the letters or quote the content of the letter(s). Nor does Plaintiff identify the number of letters, the dates of when they were sent, or how she was misled. Plaintiff does not include transcripts or quotations from any calls or discuss the content of any conversation. She also conclusively alleges her position was "altered" and caused her to

7

pay money, but she does not state to whom she paid money, how much, when. Plaintiff appears to complain that DCI and JCAP misidentified the creditor, but the term creditor can have different meanings in different contexts, and Plaintiff provides absolutely no context for what creditor means here, and how its use was purportedly fraudulent. In summary, she does not provide any detail from which one could ascertain when and how a fraudulent statement was made, that it was intended to mislead her, or that such a statement was reasonably relied upon to her detriment.

### 2. Plaintiff Has Not Alleged An Enterprise

In addition to alleging predicate acts, Plaintiff must allege a violation of one of the subsections of § 1962 in order to state a claim for civil liability under RICO. *See* 18 U.S.C. § 1964(c) ("[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue[.]").

Section 1962 includes 4 subsections Plaintiff has ***not*** alleged which section(s) Defendants purportedly violated, and it is unclear based on the pleadings which she believes have been violated. In pertinent part, § 1962 states the following:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

8

2739541_1

>(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
>(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C.A. § 1962. Plaintiff's failure to assert any of the subsections is fatal to the pleading. Indeed, Plaintiff does not allege Defendants were part of or associated with an "enterprise" as required to allege a violation of any of the subsections. The term "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff has not alleged the Defendants are an enterprise, which is in and of itself fatal to her pleadings.

Furthermore, Judge Proctor recently evaluated a RICO claim where, like here, the Plaintiff did not specify and did not plead underlying facts to support any of the subsections of § 1962. *Black Diamond Land Mgmt., LLC v. Twin Pines Coal Co., Inc*., 2016 WL 3617974, *11 (N.D. Ala. July 6, 2016). His summary of the respective RICO subsections and the Plaintiff's complete failure to allege any related facts is instructive. Judge Proctor held:

>1) 18 U.S.C. § 1962(a)
>
>. . . While the Eleventh Circuit has not pronounced a rule as to § 1962(a)'s application, it is clear that the essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income. . . . Thus, the use or investment of racketeering income must proximately cause harm to the RICO victim. . . . And, the well-pleaded fact pattern, however scant it may be, in no way suggests that the use or investment of any income derived from Defendants' purported racketeering activities are what

9

proximately caused harm to Plaintiff. Thus, any claim under § 1962(a) is due to be dismissed.

### 2) 18 U.S.C. § 1962(b)

. . . A violation of § 1962(b) requires that the RICO Defendant acquire or maintain an interest in, or control of, an enterprise through (or by way of) the pattern of racketeering activity. . . . Stated otherwise, § 1962(b) prohibits a person engaging in a pattern of racketeering for the purpose of acquiring or maintaining an interest in an enterprise. . . . Plaintiff has not pleaded any facts concerning how Defendants maintained or acquired an interest in the alleged enterprise through any of the purported racketeering activities. Furthermore, [Plaintiff]'s RICO pleadings fail to allege a specific nexus between control of any enterprise and the alleged racketeering activity, as required under section 1962(b). . . . Instead, Plaintiff has set forth formulaic recitations and conclusory statements that this court rightfully disregards. Any Section 1962(b) claim is due to be dismissed with prejudice.

### 3) 18 U.S.C. § 1962(c)

. . . To state a claim for relief under section 1962(c), a Plaintiff must satisfy four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Plaintiff does not successfully plead the four elements.

A RICO "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff's allegations, at best, suggest that Defendants formed an enterprise that is an association-in-fact. . . However, not all associations-in-fact are RICO enterprises. Instead, [t]he critical determination in evaluating whether an association of individual entities' constitutes a RICO enterprise is whether the association of individual entities, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes. In other words, the entities must be associated together for the common purpose of engaging in a course of conduct. Furthermore, an individual entity must participate in the operation or management of the enterprise itself. Plaintiff's rudimentary allegation that Defendants formed an enterprise is simply not enough to survive a motion to dismiss. A Defendant must have some part in directing' the affairs of the enterprise. Yet here Plaintiff has not pleaded any plausible facts that permit an inference that any Defendant ran or helped run the alleged scheme. . . .

> 4) 18 U.S.C. § 1962(d)
>
> Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). Because Plaintiff has failed to state a claim for relief under §§ 1962(a), 1962(b), or 1962(c), it cannot, as a matter of law, support a cause of action pursuant to § 1962(d). But, here there is even more. Even if Plaintiff successfully pleaded a cause of action under §§ 1962(a), 1962(b), or 1962(c), it still has not alleged a claim under § 1962(d). Plaintiff fails to aver any plausible facts demonstrating an illicit agreement between the Defendants to harm Plaintiff. While a Defendant's participation in a conspiracy may be inferred from acts of his which furthered the objectives of the conspiracy" an unlawful agreement, including knowledge of the essential nature of the plan, still must be pled to demonstrate the plausible existence of a conspiracy. . . . Conclusory allegations, accompanied by nothing more than a bare assertion of a conspiracy, do not plausibly suggest a conspiracy. . . Here, Plaintiff has merely alleged, as part of its RICO claims, that Defendants conducted their relationship in a manner that harmed Plaintiff and deprived it from its accessing or selling natural resources. But Plaintiff's RICO claims fall far short of identifying any agreement made between Defendants to engage in RICO-prohibited behavior. Rather, Plaintiff's pleading have only made conclusory statements and assumptions couched as [ ] factual allegations. Plaintiff has simply not alleged facts to show a valid RICO violation. Accordingly, that claim is due to be dismissed.

*Black Diamond Land Mgmt.*, 2016 WL 3617974, *11-13.(internal quotations and citations omitted).  Plaintiff's allegations are woefully inadequate to state a claim under RICO.  She has not alleged an enterprise or a scheme to defraud the public, and she has not alleged any facts with particularity as required to state a claim for fraud.  She merely recites portions of the RICO statute with a loose reference to letters and phone calls, but without any particular facts.  This Court should dismiss Plaintiff's causes of action under RICO in counts I and II.

11

### B.  *Plaintiff Fails To State A Claim Under The TCPA*

In Count III, Plaintiff alleges DCI violated the TCPA by using an "automatic telephone dialing machine" to call her "personal telephone number" or "employer's telephone number.  *See* Docket No. 1, Complaint at ¶¶ 50-55.  Plaintiff's TCPA claim fails to state a claim for 3 reasons.

*First*, it appears by "automatic telephone dialing machine," Plaintiff means to implicate the two provisions relating to an "automatic telephone dialing system" ("ATDS").  *See* 47 U.S.C. § 227(b)(1)(A) and (b)(1)(D).  Under § 227(b)(1)(A), the TCPA makes it unlawful to use an ATDS to call certain types of telephone lines, including emergency telephone lines, guest rooms or patient rooms in a hospital, or a number assigned to a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"  *Id*.  Plaintiff, however, does **not** allege DCI placed calls to any of these types of lines, but instead alleges calls to her "personal telephone number" and to her "employer's telephone number."  *Id.*, ¶¶ 49-95.  This is insufficient to state a claim under § 227(b)(1)(A).

*Second*, the TCPA prohibits to the use of "an ATDS in such a way that two or more telephone lines of a multi-line business are engaged simultaneously."  47 U.S.C. § 227(b)(1)(D).  Though Plaintiff alleges calls to her work number, she has not alleged it is a multi-line business or that DCI engaged multiple lines simultaneously.  *See* Docket No. 1, Complaint, ¶¶ 49-95.  Plaintiff also lacks standing to assert this provision unless she is the business owner.

***Third***, assuming Plaintiff meant ATDS when she stated "automatic telephone dialing machine," she has merely alleged a conclusory recitation (albeit error ridden) of the statute but has not alleged any facts to support her conclusion. In other words, Plaintiff has not stated how she knows, or why she believes DCI used an ATDS. This is insufficient to state a claim. *See Padilla v. Whetstone Partners, LLC*, 2014 WL 3418490, \*2 (S.D. Fla. 2014) (Plaintiff "fails to explain the circumstances that suggest Defendant used an automatic calling device"); *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010) (holding insufficient Plaintiff's isolated allegation that he received calls from a sequential number generator); *Johansen v. Vivant, Inc.*, 2012 WL 6590551, \*3 (N.D. Ill. 2012) (dismissing complaint when Plaintiff failed to enhance the complaint with anything more than the language already available in the statute). "While Plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that Plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used." *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, 2015 WL 5818911, \*4 (E.D. Mich. July 31, 2015); *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, \*6 (E.D. N.Y. Mar. 21, 2014) (holding "Plaintiffs must do more than simply parrot the statutory language" defining ATDS and noting that "the vast majority of courts to have considered the issue have found that "a bare allegation that Defendants used an ATDS is not enough"); *Brailey v. F.H. Cann & Assocs., Inc.*, 2014 WL 7639909, \*9 (W.D. La. 2014) (Plaintiff failed to "allege anything about the call he received to suggests the use of an ATDS.").

13

Plaintiff has merely alleged DCI used an ATDS to call her, but provides absolutely no explanation about the calls, the lines dialed, or why she believes the calls were made using an ATDS (and they were not). For this and the reasons stated above, this Court should dismiss Plaintiff's TCPA claim (Count III).

## C.  Plaintiff Fails To State A Claim For Civil Conspiracy

In Count IV, Plaintiff alleges Defendants conspired to "send fraudulent letters to Plaintiff Rhinehart" identifying JCAP as the creditor.  *See* Docket No. 1, Complaint ¶¶ 96-102.  "Civil conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Keith v. Witt Auto Sales, Inc.*, 578 So.2d 1269, 1274 (Ala.1991).  "The gist of an action alleging civil conspiracy is not the conspiracy itself but, rather, the wrong committed." *Id*.  A Plaintiff alleging a conspiracy must have a valid underlying cause of action.  *Callens v. Jefferson Cty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000).  "A conspiracy claim must fail if the underlying act itself would not support an action."  *Triple J Cattle, Inc. v. Chambers*, 621 So.2d 1221, 1225 (Ala.1993).

Plaintiff has not alleged an underlying act against either Defendant, which alone should be fatal to her civil conspiracy claim.  For sake of argument, however, it appears she alleges fraudulent misrepresentation.  A party alleging fraud by misrepresentation must prove four elements: (1) that the Defendant made a false representation concerning an existing material fact; (2) that the Defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (3) that the Plaintiff reasonably relied on the misrepresentation; and (4)

14

that the Plaintiff incurred damage proximately caused by the reliance. *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So. 2d 243, 245-46 (Ala. 2000).

Assuming the underlying act is fraudulent misrepresentation, Plaintiff's claims still fail as a matter of law. First, Plaintiff has not alleged a misrepresentation of material fact. Plaintiff broadly alleges the Defendants identified JCAP as a creditor, but she doesn't explain what the term "creditor" means in this context. Importantly, Plaintiff does not deny owing a debt, and further alleges JCAP is a debt collector. So it is possible Plaintiff means JCAP is a debt buyer to whom the debt is owed, but the term "creditor," according to Plaintiff, means only the original creditor, not a debt buying creditor. While the correctness of Plaintiff's position, if that is the case, is highly questionable, it also does not state a misrepresentation of a material fact because Plaintiff still owes the money to JCAP. However, as currently pled, it leaves the reader guessing, which falls short of the Rule 8 pleading standard under *Twombly* and even farther from the Rule 9(b) pleading standard for fraud.

Second, Plaintiff conclusively says she paid money after receiving the letter, but does not include any facts to support an inference that she *reasonably* relied upon that allegedly fraudulent statement. As discussed earlier, Plaintiff does not attach any letters to the complaint or provide any details of their content, much less how many letters were sent or when. There are simply no facts pled from which one could conclude Plaintiff reasonably relied upon alleged misrepresentations of Defendants.

Third, the same ambiguities regarding the allegedly false representation(s) in the letter(s) make it impossible to determine whether Plaintiff has plausibly alleged proximate cause.

This Court should dismiss Plaintiff's claims for civil conspiracy.

### D.  Plaintiff Fails To State A Claim For Wantonness

In Count V, Plaintiff conclusively alleges the Defendants' acts of mailing letters and placing phone calls, were made "with malice and aforethought and were willful and wanton in nature."  *See* Docket No. 1, Complaint, ¶¶ 103-109.  "Wantonness" has been defined by the Alabama Supreme Court as the "conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."  *Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala.1994); *Galaxy Cable, Inc. v. Davis*, 58 So.3d 93, 101 (Ala.2010) ("To establish wantonness, the Plaintiff must prove that the Defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty.  To be actionable, that act or omission must proximately cause the injury of which the Plaintiff complains.").  Wantonness is a punitive penalty defined by statute as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others."  Ala. Code § 6-11-20.

Plaintiff's wantonness claim is not defined or explained.  It appears the claim relates to representations that either JCAP or DCI were her creditor when, Plaintiff alleges, neither was.  However, as discussed above, Plaintiff does not explain what this means and does not disavow owing a debt.  Furthermore, she alleges both Defendants are

16

debt collectors who would be contacting her to collect an outstanding debt. Plaintiff's theory of wantonness is therefore unclear in significant part because Plaintiff does not explain what she means by "creditor," but instead conclusively alleges that neither Defendant was her creditor. Furthermore, because Plaintiff's wantonness claims are based on her same theories of fraud, they fail under the Fed. R. Civ. P. 9(b) standard in addition to *Twombly*. This Court should dismiss Plaintiff's claims for wantonness.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's complaint falls woefully short of the Fed. R. Civ. P. 8 pleading requires as articulated in *Iqbil* and *Twombley*, and even further from the pleading standards for fraud under Fed. R. Civ. P. 9(b). This Court should dismiss Plaintiff's complaint with prejudice.

Dated:  April 25, 2017.

Respectfully Submitted,

*/s/  Laura C. Nettles, Esq.*
Laura C. Nettles (ASB-5805-S63L)
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100,
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Email: lnettles@lgwmlaw.com

Michael David Alltmont (PHV motion pending)
**SESSIONS FISHMAN NATHAN & ISRAEL**
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-3700
Telephone: (504) 828-3700
Email: malltmont@sessions.legal

*Attorneys for Defendants,*
*Diversified Consultants, Inc. and*
*Jefferson Capital Systems, Inc.*

2739541_1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2017 a copy of the foregoing was served electronically via CM/ECF on the following:

H. Gregory Harp, Esq.
**GREGORY HARP LLC**
459 Main Street, Suite 101-266
Trussville, AL 35173

                                             */s/ Laura C. Nettles, Esq.*
                                             Laura C. Nettles, Esq.
                                             OF COUNSEL