FILED

2017 May-25  PM 05:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

BRITTANY CRANE RHINEHART,

       Plaintiff,

                                      Case No. 4:17-cv-00624-SGC

v.

DIVERSIFIED CENTRAL, INC.;
DIVERSIFIED CONSULTANTS, INC.;
JEFFERSON CAPITAL SYSTEMS, LLC

       Defendant.

_____/

## MOTION AND MEMORANDUM TO DISMISS AMENDED COMPLAINT

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................1

II. BACKGROUND AND PROCEDURAL HISTORY ....................................2

III. LAW AND ARGUMENT ......................................................................6

    A. Plaintiff Fails To State A Claim Under RICO ..................................7

        1. Plaintiff Has Not Alleged Predicate Acts ....................................8

        2. Plaintiff Has Not Alleged An Enterprise ...................................11

    B. Plaintiff Fails To State A Claim Under The TCPA.........................14

    C. Plaintiff Fails To State A Claim For Civil Conspiracy..................17

    D. Plaintiff Fails To State A Claim Under The FDCPA .....................19

    E. Plaintiff Fails To State A Claim For Wantonness .........................21

IV. CONCLUSION .................................................................................22

# TABLE OF AUTHORITIES

## Cases

*Adell v. Macon Cty. Greyhound Park, Inc.*,
  785 F. Supp. 2d 1226, 1231 (M.D. Ala. 2011) ................................................... 9

*Aikens v. Synchrony Fin. d/b/a Synchrony Bank*,
  2015 WL 5818911, *4 (E.D. Mich. July 31, 2015) ........................................... 17

*Am. Dental Assn. v. Cigna Corp.*,
  605 F.3d 1283, 1291 (11th Cir. 2010) ......................................................... 9, 10

*Ambrosia Coal & Constr. Co. v. Pages Morales*,
  482 F.3d 1309, 1316 (11th Cir. 2007) ............................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ................................................................................. 6

*Baranski v. NCO Fin. Sys., Inc.*,
  2014 WL 1155304, *6 (E.D. N.Y. Mar. 21, 2014) ........................................... 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007) ............................................................................ 6, 21

*Black Diamond Land Mgmt., LLC v. Twin Pines Coal Co., Inc.*,
  2016 WL 3617974, *11 (N.D. Ala. July 6, 2016) ....................................... 12, 14

*Bozeman v. Central Bank of the South*,
  646 So.2d 601 (Ala.1994) ............................................................................... 22

*Brailey v. F.H. Cann & Assocs., Inc.*,
  2014 WL 7639909, *9 (W.D. La. 2014) ........................................................... 17

*Bridge v. Phoenix Bond & Indem. Co.*,
  553 U.S. 639, 647 (2008) ................................................................................. 9

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,

116 F.3d 1364, 1380-81 (11th Cir. 1997)...........................................................10

*Callens v. Jefferson Cty. Nursing Home*,
769 So. 2d 273, 280 (Ala. 2000) ......................................................................18

*Fowler v. Goodman Mfg. Co. LP*,
2014 WL 7048581, *8 (N.D. Ala. 2014).......................................................... 6

*Galaxy Cable, Inc. v. Davis*,
58 So.3d 93, 101 (Ala.2010)............................................................................22

*Holmes v. Sec. Investor Protection Corp.*,
503 U.S. 258, 268 (1992)................................................................................. 8

*Jackson v. BellSouth Telecomms.*,
372 F.3d 1250, 1264 (11th Cir. 2004).............................................................7, 8

*Jeter v. Credit Bureau, Inc.*,
760 F.2d 1168, 1179-1180 (11th Cir. 1985)....................................................20

*Johansen v. Vivant, Inc.*,
2012 WL 6590551, *3 (N.D. Ill. 2012).............................................................16

*Keith v. Witt Auto Sales, Inc.*,
578 So.2d 1269, 1274 (Ala.1991) ....................................................................17

*Kramer v. Autobytel, Inc.*,
759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010)....................................................16

*Lehman v. Lucom*,
727 F.3d 1326, 1330 (11th Cir. 2013)............................................................. 8

*Liquidation Commn. of Banco Intercontinental, S.A. v. Renta*,
530 F.3d 1339, 1355 (11th Cir. 2008)............................................................. 9

*Luck v. Primus Auto. Fin. Servs., Inc.*,
763 So. 2d 243, 245-46 (Ala. 2000)................................................................18

*Motes v. Midland Funding, LLC*,
2017 WL 192766, *4 (N.D. Ala. Jan. 18, 2017)...............................................20

*Padilla v. Whetstone Partners, LLC*,
   2014 WL 3418490, *2 (S.D. Fla. 2014) ............................................................16

*Reed v. IC Sys., Inc.*,
   2017 WL 89047, *4 (W.D. Pa. Jan. 10, 2017) ..................................................20

*Shuler v. Ingram & Assocs.*,
   710 F. Supp. 2d 1213, 1223 (N.D. Ala. 2010) ..................................................20

*Thompson v. Resurgent Capital Servs., L.P.*,
   2015 WL 12681653, *2 (N.D. Ala. 2015) ..........................................................20

*Triple J Cattle, Inc. v. Chambers*,
   621 So.2d 1221, 1225 (Ala.1993) ......................................................................18

*United States v. Hewes*,
   729 F.2d 1302, 1311 (11th Cir. 1984) ................................................................ 7

*United States v. Langford*,
   647 F.3d 1309, 1320 (11th Cir. 2011) ................................................................ 8

*United States v. Ward*,
   486 F.3d 1212, 1222 (11th Cir. 2007) ................................................................ 9

*Wright v. Enhanced Recovery Co., LLC*,
   2016 WL 7326314, *5 (D. Kan. Dec. 16, 2016) ...............................................20

*Ziemba v. Cascade Int'l, Inc.*,
   256 F.3d 1191, 1202 (11th Cir. 2001) ................................................................ 7

## **Statutes**

15 U.S.C. § 1692d ............................................................................................... 5

18 U.S.C. § 1961 ................................................................................................. 1

18 U.S.C. § 1961(1)(B) ...................................................................................... 7

18 U.S.C. § 1961(4) ..............................................................................12

18 U.S.C. § 1961(5) ............................................................................... 8

18 U.S.C. § 1962 ..................................................................................12

18 U.S.C. § 1964(c) ...........................................................................7, 11

18 U.S.C. §§ 1341 ................................................................................. 8

18. U.S.C. § 1961(1) ............................................................................. 8

47 U.S.C. § 227 ................................................................................4, 15

## **Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1

Fed. R. Civ. P. 8 .................................................................................... 2

Fed. R. Civ. P. 8(a)(1) ........................................................................... 6

Fed. R. Civ. P. 9(b) ............................................................................... 2

Now comes defendants, Jefferson Capital Systems, LLC ("JCAP"), and Diversified Consultants, Inc. d/b/a Diversified Central Inc. ("DCI") (collectively, the "Defendants"), by and through undersigned counsel, who move this Honorable Court to dismiss the claims raised in the Amended Complaint filed by plaintiff, Brittany Crane Rhinehart, pursuant to Fed. R. Civ. P. 12(b)(6).  As discussed in greater detail below, plaintiff has failed to state a claim upon which relief may be granted.

## I. INTRODUCTION

Plaintiff alleges Defendants engaged in a criminal conspiracy giving rise to violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*., and other federal and state laws.  However, the Amended Complaint is threadbare and contains virtually no assertions of fact whatsoever. Moreover, the few allegations added since the original complaint only highlight the absurdity of plaintiff's claims.  In pertinent part, plaintiff alleges two letters from DCI falsely assert JCAP is an "original creditor" of the subject debt.  But the letters, now attached to the Amended Complaint, clearly state JCAP is the "Current Creditor" and the "new owner" of her Verizon Wireless account.  Plaintiff's allegation that JCAP and DCI engaged in a criminal conspiracy to fraudulently represent JCAP was an original creditor is patently false and unsupported by the letters attached to the Amended Complaint.

1

The Amended Complaint contains conclusive allegations and is full of recitations of statute and law, but lacks substance, factual allegations, or reasonable beliefs sufficient to meet the minimum pleading standards of Fed. R. Civ. P. 8 and *Iqbal* and *Twombly*. Moreover, because plaintiff's claims are almost entirely based on allegations of fraud, the Complaint is all the more deficient for failing to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). As explained in greater detail below, this Court should dismiss all of plaintiff's claims with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

On March 8, 2017, plaintiff filed the instant lawsuit against Defendants.[1]

On April 18, 2017, Defendants timely removed this matter to this Court. *See* Docket No. 1.

On April 25, 2017, Defendants filed a Motion to Dismiss the Complaint. *See* Docket No. 4.

On May 9, 2017, plaintiff filed her First Amended Complaint. *See* Docket No. 9. Despite its length and opportunity to cure pleading deficiencies articulated in the Motion to Dismiss, the Amended Complaint says very little, consists almost entirely of bald recitals of the statutes and common law claims plaintiff alleges

---

[1] Plaintiff named Diversified Consultants, Inc. and Diversified Central, Inc. as separate and independent defendants. However, Diversified Central, Inc. is simply a registered name for Diversified Consultants, Inc.

Defendants violated, and adds statements that confirm plaintiff's allegations are frivolous.

In a section styled "The Predicate Factual Allegations Relative to Plaintiff Rhinehart's RICO Claims," plaintiff broadly alleges Defendants, who she identifies as debt collectors, "engaged in a pattern of racketeering activity against Plaintiff Rhinehart" that includes "sending multiple letters" and "making multiple phone calls" to collect a debt. *See* Docket No. 9, ¶¶ 5-27 (the section is identical to the original Complaint). She broadly alleges the activity "continues to this moment" and that such continuation "is also a continuation of damages to Plaintiff Rhinehart." *Id*. However, plaintiff does not identify what in the letters comprises the allegedly criminal language, much less how many letters were sent, when they were sent, or what plaintiff did upon receipt.

Plaintiff alleges 5 causes of action. In Counts I and II plaintiff alleges JCAP and DCI, respectively, violated RICO. *Id*. at ¶¶ 28-52. She alleges each Defendant mailed her letters misrepresenting that they were "a creditor to Plaintiff Rhinehart." *Id*. She alleges Defendants "fraudulently misrepresented to Plaintiff Rhinehart" that they were creditors to make her "alter her position" and pay money, which she allegedly did. *Id*. Specifically, she alleges DCI "alleged in these letters that Jefferson Capital was an ***original creditor*** of Plaintiff Rhinehart." *Id*. at ¶ 40 (emphasis added).

3

Plaintiff attaches two letters to the Amended Complaint. *See* Docket Nos. 9-1 and 9-2. Both letters are from DCI on DCI letterhead. *Id.* The first, dated 9/28/16, states the following:

> Current Creditor: Jefferson Capital Systems, LLC
> Current Account Number: ******5280
> Debt Description: VERIZON WIRELESS
> Original Account Number: ***********0001
> Agency Reference Number: ****7208
> Current Balance: $1,534.14

> This Notice is to inform you that Jefferson Capital Systems, LLC is the new owner of the above-referenced account. Diversified Consultants, Inc. will service your account on the new owner's behalf.

*Id.* The letter adds that if plaintiff disputes the debt in writing, "this office will provide you with the name and address of the original creditor, if different from the current creditor." *Id.* The second letter, dated 2/10/17, includes the exact same creditor and account information, only with a lower balance. *Id.* Plaintiff did not attach any letters from JCAP.

Although plaintiff added the two DCI letters, Counts I and II generally assert the same conclusive allegations as the original complaint, *i.e.* that Defendants falsely claim JCAP is an original creditor of the account. *Id.* at ¶¶ 28-52.

In Count III, plaintiff alleges DCI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[2] *Id.* at ¶¶ 53-99. She conclusively

---

[2] Plaintiff does not assert Count III against JCAP.

4

alleges DCI used an "automatic telephone dialing machine" to dial her "personal telephone number" and her "employer's telephone number." *Id*. Plaintiff identifies 33 calls and provides the dates and times of such calls, but she does not provide any details such as whether they were answered, by whom they were answered, what the person heard when answering the phone, or any substance of a conversation, if any.

In Count IV, plaintiff alleges the Defendants are liable for civil conspiracy by conspiring to send "fraudulent letters" identifying JCAP as a creditor of plaintiff. *Id*. at ¶¶ 100-106. Plaintiff alleges she "alter[ed] her position" and paid money as a result of Defendants' "mail fraud." *Id*. In other words, plaintiff's civil conspiracy claim is based on the same facts and theories of wrongdoing as her RICO claims.

In Count V, plaintiff alleges DCI violated 15 U.S.C. § 1692d of the FDCPA by "using an automatic telephone dialing system in placing calls to Plaintiff Rhinehart's cellular telephone to which Plaintiff Rhinehart had not consented" and failing in those calls to "make meaningful attempts to disclose its true identity." *Id*. at ¶¶ 107-110.[3]

In Count VI, plaintiff alleges Defendants are liable for wantonness because the aforementioned acts were committed "with malice and aforethought and were willful and wanton in nature." *Id*. at ¶¶ 111-117.

---

[3] Plaintiff does not assert Count V against JCAP.

# III. LAW AND ARGUMENT

Under Fed. R. Civ. P. 8(a)(1), a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Whether a complaint states a plausible claim for relief is a fact-specific determination for the court, drawing on judicial experience as well as common sense. *Iqbal*, 556 U.S. at 679. *Twombly* instructs courts faced with a motion to dismiss to accept the complaint's purely factual allegations as true and determine whether those facts state a claim. *Twombly*, 550 U.S. at 555-556.

In complaints alleging fraud, Fed. R. Civ. P. 9(b) holds the plaintiff to a higher pleading standard and requires her to allege fraud "with particularity." *Fowler v. Goodman Mfg. Co. LP*, 2014 WL 7048581, *8 (N.D. Ala. 2014). To allege fraud with particularity, a plaintiff must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time

6

and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  *Id*. (*quoting Ziemba v. Cascade Int'l, Inc*., 256 F.3d 1191, 1202 (11th Cir. 2001) (internal quotation omitted)).

## A. Plaintiff Fails To State A Claim Under RICO

Plaintiff seeks relief pursuant to the civil RICO statute, though she does ***not*** cite to ***any*** provisions of the statute in her lengthy complaint.  It appears plaintiff seeks relief under 18 U.S.C. § 1964(c), which provides in relevant part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]" 18 U.S.C. § 1964(c).

As a threshold matter, a successful RICO claim requires a plaintiff to establish the essential basics of a RICO enterprise as well as a "pattern of racketeering activity." *Jackson v. BellSouth Telecomms*., 372 F.3d 1250, 1264 (11th Cir. 2004). A RICO enterprise exists "where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." *Id*. (*quoting United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)).  "Racketeering activity" includes certain predicate criminal acts defined by statute. 18 U.S.C. § 1961(1)(B).

"A pattern is established by at least two acts of racketeering activity the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013). These predicate acts must be related to one another and demonstrate criminal conduct of a continuing nature. *Jackson*, 372 F.3d at 1264. Proximate causation is a RICO requirement. *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

### *1. Plaintiff Has Not Alleged Predicate Acts*

The term "racketeering activity" is defined by a list of federal criminal acts, commonly known as the predicate acts. 18. U.S.C. § 1961(1). While unclear, it appears plaintiff alleges Defendants violated sections relating to mail fraud and wire fraud. *Id.* The term "pattern of racketeering activity" is defined as requiring "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5).

Mail and wire fraud claims are governed by the same elements. *United States v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011); *see also* 18 U.S.C. §§ 1341, 1343. "Both offences require that a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses or causes the use of the mails or wires for the purpose of executing the scheme or artifice." *United States v. Ward*,

486 F.3d 1212, 1222 (11th Cir. 2007).  "Mail fraud [] occurs whenever a person, having devised or intending to devise any scheme or artifice to defraud, uses the mail for the purpose of executing such scheme or artifice or attempting so to do." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

Where substantive RICO violations are based upon fraud, the "allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard." *Adell v. Macon Cty. Greyhound Park, Inc*., 785 F. Supp. 2d 1226, 1231 (M.D. Ala. 2011) (*quoting Am. Dental Assn. v. Cigna Corp*., 605 F.3d 1283, 1291 (11th Cir. 2010)); *accord Liquidation Commn. of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008) ("When a RICO claim is based on predicate acts involving fraud, those predicate acts must be pleaded with particularity, in accordance with Fed. R. Civ. P. 9(b)."); *Ambrosia Coal&& Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity.").

Accordingly, pursuant to Rule 9(b), a plaintiff pursuing a RICO complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained

by the alleged fraud." *Am. Dental*, 605 F.3d at 1291 (*quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

While plaintiff's allegations of mail fraud likely fail the *Twombly* standard under Rule 8, they most certainly fail the heighted requirements under Rule 9. Plaintiff broadly alludes to letters sent by Defendants and phone calls made by DCI. Plaintiff broadly alleges the letters falsely assert JCAP is the "original creditor," despite knowing this could not be true. Docket No. 9, ¶¶ 32-33 and 40-42. Two letters from DCI attached to the Amended Complaint contradict plaintiff's allegations. Docket Nos. 9-1 and 9-2. The first of the two letters, dated 9/28/16, clearly identifies JCAP as the "Current Creditor," and further clarifies "[t]his Notice is to inform you that Jefferson Capital Systems, LLC is the new owner of the above-referenced account. Diversified Consultants, Inc. will service your account on the new owner's behalf." *Id.* Additionally, the letter includes what is commonly referred to as a required validation notice under the FDCPA, which includes in pertinent part "this office will provide you with the name and address of the original creditor, if different from the current creditor." *Id.* The letter also describes the debt as "VERIZON WIRELESS," and provides both the "original" and "current" account numbers. *Id.*

The letters clearly identify JCAP as the current creditor and new owner of plaintiff's unpaid Verizon Wireless account. Plaintiff's wild allegation that

Defendants fraudulently identified JCAP as the original creditor is false and egregious.

### *2. Plaintiff Has Not Alleged An Enterprise*

Plaintiff's RICO allegations suffer from even more fatal pleading deficiencies. RICO not only requires the plaintiff adequately allege predicate acts under § 1961, but also requires an allegation the defendant(s) violated one of the subsections of § 1962. *See* 18 U.S.C. § 1964(c) ("[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue[.]").

Section 1962 includes 4 subsections. Plaintiff has ***not*** alleged which section(s) Defendants purportedly violated, and it is unclear based on the pleadings which she believes have been violated. In pertinent part, § 1962 states the following:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .

> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or

foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962. Plaintiff's failure to assert any of the subsections is fatal to the pleading. Indeed, plaintiff does not allege Defendants were part of or associated with an "enterprise" as required to allege a violation of the subsections. The term "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff has not alleged the Defendants are an enterprise, which in and of itself is fatal to her pleadings.

Furthermore, Judge Proctor recently evaluated a RICO claim where, like here, the plaintiff did not specify and did not plead underlying facts to support any of the subsections of § 1962. *Black Diamond Land Mgmt., LLC v. Twin Pines Coal Co., Inc.*, 2016 WL 3617974, *11 (N.D. Ala. July 6, 2016). His summary of the respective RICO subsections and the plaintiff's failure to allege any related facts is instructive. Judge Proctor ruled:

1) 18 U.S.C. § 1962(a)

. . . While the Eleventh Circuit has not pronounced a rule as to § 1962(a)'s application, it is clear that the essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income. . . . Thus, the use or investment of racketeering income must proximately cause harm to the RICO victim. . . . And, the

well-pleaded fact pattern, however scant it may be, in no way suggests that the use or investment of any income derived from Defendants' purported racketeering activities are what proximately caused harm to Plaintiff. Thus, any claim under § 1962(a) is due to be dismissed.

2) 18 U.S.C. § 1962(b)

. . . A violation of § 1962(b) requires that the RICO defendant acquire or maintain an interest in, or control of, an enterprise through (or by way of) the pattern of racketeering activity. . . . Stated otherwise, § 1962(b) prohibits a person engaging in a pattern of racketeering for the purpose of acquiring or maintaining an interest in an enterprise. . . . [Plaintiff]'s RICO pleadings fail to allege a specific nexus between control of any enterprise and the alleged racketeering activity, as required under section 1962(b). . . .

3) 18 U.S.C. § 1962(c)

. . . To state a claim for relief under section 1962(c), a plaintiff must satisfy four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Plaintiff does not successfully plead the four elements. . . .

. . . Plaintiff's allegations, at best, suggest that Defendants formed an enterprise that is an association-in-fact. . . However, not all associations-in-fact are RICO enterprises. Instead, [t]he critical determination in evaluating whether an association of individual entities' constitutes a RICO enterprise is whether the association of individual entities, however loose or informal, furnished a vehicle for the commission of two or more predicate crimes. In other words, the entities must be associated together for the common purpose of engaging in a course of conduct. Furthermore, an individual entity must participate in the operation or management of the enterprise itself. Plaintiff's rudimentary allegation that Defendants formed an enterprise is simply not enough to survive a motion to dismiss. A Defendant must have some part in directing' the affairs of the enterprise. . . . .

4) 18 U.S.C. § 1962(d)

Section 1962(d) provides that "[i]t shall be unlawful for any person to

conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). Because Plaintiff has failed to state a claim for relief under §§ 1962(a), 1962(b), or 1962(c), it cannot, as a matter of law, support a cause of action pursuant to § 1962(d). But, here there is even more. Even if Plaintiff successfully pleaded a cause of action under §§ 1962(a), 1962(b), or 1962(c), it still has not alleged a claim under § 1962(d). Plaintiff fails to aver any plausible facts demonstrating an illicit agreement between the Defendants to harm Plaintiff. While a defendant's participation in a conspiracy may be inferred from acts of his which furthered the objectives of the conspiracy" an unlawful agreement, including knowledge of the essential nature of the plan, still must be pled to demonstrate the plausible existence of a conspiracy. . . . Conclusory allegations, accompanied by nothing more than a bare assertion of a conspiracy, do not plausibly suggest a conspiracy. . . Here, Plaintiff has merely alleged, as part of its RICO claims, that Defendants conducted their relationship in a manner that harmed Plaintiff and deprived it from its accessing or selling natural resources. But Plaintiff's RICO claims fall far short of identifying any agreement made between Defendants to engage in RICO-prohibited behavior. . . .

*Black Diamond Land Mgmt.*, 2016 WL 3617974, *11-13 (internal quotations and citations omitted). Plaintiff's allegations are woefully inadequate to state a claim under RICO. She has not alleged an enterprise or a scheme to defraud the public, and she has not alleged any facts with particularity as required to state a claim for fraud, nor could she. She merely recites portions of the RICO statute with wild and conclusive allegations disproven by the letters attached to the Amended Complaint. This Court should dismiss plaintiff's causes of action under RICO in counts I and II.

## B. Plaintiff Fails To State A Claim Under The TCPA

In Count III, plaintiff alleges DCI violated the TCPA by using an "automatic telephone dialing machine" to call her "personal telephone number" or "employer's

14

telephone number.  *See* Docket No. 9, Complaint at ¶¶ 55-59.  Plaintiff's TCPA claim fails to state a claim for 3 reasons.

   ***First***, it appears by "automatic telephone dialing machine," plaintiff means to implicate the two provisions relating to an "automatic telephone dialing system" ("ATDS").  *See* 47 U.S.C. § 227(b)(1)(A) and (b)(1)(D).  Under § 227(b)(1)(A), the TCPA makes it unlawful to use an ATDS to call certain types of telephone lines, including emergency telephone lines, guest rooms or patient rooms in a hospital, or a number assigned to a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"  *Id.*  Plaintiff, however, does ***not*** allege DCI placed calls to any of these types of lines, but instead alleges calls to her "personal telephone number" and to her "employer's telephone number."  *Id.*, ¶¶ 54-99.  This is insufficient to state a claim under § 227(b)(1)(A).

   ***Second***, the TCPA prohibits the use of "an ATDS in such a way that two or more telephone lines of a multi-line business are engaged simultaneously."  47 U.S.C. § 227(b)(1)(D).  Though plaintiff alleges calls to her work number, she has not alleged it is a multi-line business or that DCI engaged multiple lines simultaneously.  *See* Docket No. 9, ¶¶ 54-99.  Plaintiff also lacks standing to assert this provision unless she is the business owner.

***Third***, assuming plaintiff meant ATDS when she stated, "automatic telephone dialing machine," she has merely alleged a conclusory recitation of the statute but has not alleged any facts to support her conclusion.  In other words, plaintiff has not alleged any facts suggesting DCI used an ATDS.  This is insufficient to state a claim under the TCPA.  *See Padilla v. Whetstone Partners, LLC*, 2014 WL 3418490, *2 (S.D. Fla. 2014) (plaintiff "fails to explain the circumstances that suggest Defendant used an automatic calling device"); *Kramer v. Autobytel, Inc*., 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010) (holding insufficient plaintiff's isolated allegation that he received calls from a sequential number generator); *Johansen v. Vivant, Inc*., 2012 WL 6590551, *3 (N.D. Ill. 2012) (dismissing complaint when plaintiff failed to enhance the complaint with anything more than the language already available in the statute).  "While plaintiffs cannot be expected to provide specific details about the type of dialing systems used to deliver the calls they receive, it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used." *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, 2015 WL 5818911, *4 (E.D. Mich. July 31, 2015); *Baranski v. NCO Fin. Sys., Inc*., 2014 WL 1155304, *6 (E.D. N.Y. Mar. 21, 2014) (holding "Plaintiffs must do more than simply parrot the statutory language" defining ATDS and noting that "the vast majority of courts to have considered the issue have found that a bare allegation that defendants used an ATDS

is not enough"); *Brailey v. F.H. Cann & Assocs., Inc.*, 2014 WL 7639909, *9 (W.D. La. 2014) (Plaintiff failed to "allege anything about the call he received to suggests the use of an ATDS.").

Plaintiff has merely alleged DCI used an ATDS to call her, but provides absolutely no explanation about the calls, the lines dialed, or why she believes the calls were made using an ATDS (and they were not).  For this reason and those stated above, this Court should dismiss plaintiff's TCPA claim (Count III).

## *C. Plaintiff Fails To State A Claim For Civil Conspiracy*

In Count IV, plaintiff alleges Defendants conspired to "send fraudulent letters to Plaintiff Rhinehart" identifying JCAP as the creditor.   *See* Docket No. 9, Complaint ¶¶ 100-106.  "Civil conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Keith v. Witt Auto Sales, Inc.*, 578 So.2d 1269, 1274 (Ala.1991).  "The gist of an action alleging civil conspiracy is not the conspiracy itself but, rather, the wrong committed." *Id.*  A plaintiff alleging a conspiracy must have a valid underlying cause of action.  *Callens v. Jefferson Cty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000).  "A conspiracy claim must fail if the underlying act itself would not support an action." *Triple J Cattle, Inc. v. Chambers*, 621 So.2d 1221, 1225 (Ala.1993).

Plaintiff has not articulated an underlying act against either Defendant, which alone should be fatal to her civil conspiracy claim.  For sake of argument, however,

it appears she alleges fraudulent misrepresentation.   A party alleging fraud by misrepresentation must prove four elements: (1) that the defendant made a false representation concerning an existing material fact; (2) that the defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation; and (4) that the plaintiff incurred damage proximately caused by the reliance.  *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So. 2d 243, 245-46 (Ala. 2000).

Assuming the underlying act is fraudulent misrepresentation, plaintiff's claims fail as a matter of law for many of the same reasons her RICO claims fail. Importantly, the letters attached to the complaint contradict plaintiff's allegations the Defendants made false representations, much less materially false representations.  Plaintiff broadly alleges the Defendants falsely identified JCAP as the creditor, clarifying they falsely identified her as the original creditor.  But the letters do ***not*** identify or imply JCAP was the original creditor, but instead clearly identify JCAP as the "current creditor" and "new owner" of her Verizon Wireless account.  Plaintiff's allegation that Defendants fraudulently represented JCAP was the original creditor is false.

This Court should dismiss plaintiff's claims for civil conspiracy under Count IV.

### D. Plaintiff Fails To State A Claim Under The FDCPA

In Count V, plaintiff alleges DCI violated 15 U.S.C. § 1692d of the FDCPA when "it engaged in conduct, the natural consequence of which was to harass, annoy, oppose or abuse Plaintiff Rhinehart by using an automatic telephone dialing system in placing calls to Plaintiff Rhinehart's cellular telephone to which Plaintiff Rhinehart had not consented" and failing in those calls to "make meaningful attempts to disclose its true identity." *Id.* at ¶¶ 107-110.

Section 1692d states "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The provision contains a non-exhaustive list of conduct that is a violation, including the threatening of violence, the use of "obscene or profane language," "causing a telephone to ring or engaging any any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," or placement of a call without "meaningful disclosure of the caller's identity." *Id.* "[B]ecause § 1692d is designed to address 'coercion and delving into the personal lives of debtors,' to violate § 1692d, 'the debt collector's conduct must manifest a tone of intimidation.'" *Thompson v. Resurgent Capital Servs., L.P.*, 2015 WL 12681653, *2 (N.D. Ala. 2015); *citing Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179-1180 (11th Cir. 1985). Section 1692d "contemplates conduct that is intimidating, uncivil,

or unduly intrusive or embarrassing in its tone or manner." *Id.* The Eleventh Circuit views claims under § 1692d "from the perspective of a consumer whose circumstances make him relatively more susceptive to harassment, oppression, or abuse." *Motes v. Midland Funding, LLC*, 2017 WL 192766, *4 (N.D. Ala. Jan. 18, 2017); *Jeter*, 760 F.2d at 1179.

Courts look to a number of factors to determine whether calls were made with an intent to annoy, abuse, or harass, "primarily focusing on the frequency, pattern and substance of the calls." *Reed v. IC Sys., Inc.*, 2017 WL 89047, *4 (W.D. Pa. Jan. 10, 2017); *Wright v. Enhanced Recovery Co., LLC*, 2016 WL 7326314, *5 (D. Kan. Dec. 16, 2016) ("the Court looks at the volume and pattern of calls sufficient to raise a triable issue of fact regarding the caller's intent"); *Shuler v. Ingram & Assocs.*, 710 F. Supp. 2d 1213, 1223 (N.D. Ala. 2010) (no violation of § 1692d for simply placing a call). Put another way, to state a claim under § 1692d, plaintiff must allege the calls were made with such a pattern or frequency, given the totality of the circumstances, so to harass, intimidate, or embarrass the person at the called number.

Plaintiff's allegations under § 1692d fail to state a claim. Plaintiff does not allege any facts that would imply the calls were made with "intent to annoy, abuse, or harass" her. Nor does she allege the calls caused her annoyance or any concern. Additionally, plaintiff does not identify whether she ever spoke with DCI, the

content of any phone call, or the content of voicemails left, if any.  Plaintiff simply argues by using a certain piece of equipment (which, as discussed above, she fails to adequately allege), the calls were made *per se* with intent to annoy, abuse, or harass. Plaintiff is wrong.

Furthermore, plaintiff's bald assertion that DCI failed to provide meaningful disclosure is insufficient to state a claim.  Plaintiff does not identify or describe any contacts she had with DCI.  To be sure, plaintiff does not allege any phone conversations or phone messages where DCI failed to identify itself.  Plaintiff does not meet her pleading burden pursuant to Fed. R. Civ. P. 8 by simply reciting the statute. *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Plaintiff's FDCPA claim against DCI in Count V should be dismissed with prejudice.

### E. Plaintiff Fails To State A Claim For Wantonness

In Count VI, plaintiff conclusively alleges the Defendants' acts of mailing letters and placing phone calls were made "with malice and aforethought and were willful and wanton in nature." *See* Docket No. 9, ¶¶ 111-117.  "Wantonness" has been defined by the Alabama Supreme Court as the "conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably

result." *Bozeman v. Central Bank of the South*, 646 So.2d 601 (Ala.1994); *Galaxy Cable, Inc. v. Davis*, 58 So.3d 93, 101 (Ala.2010) ("To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains."). Wantonness is a punitive penalty defined by statute as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20.

Plaintiff's wantonness claim is not defined or explained. It appears the claim relates to representations that either JCAP or DCI were her original creditor when, plaintiff alleges, neither was. However, as discussed above, plaintiff's allegation is false and disproven by the letters attached to the Amended Complaint. This Court should dismiss plaintiff's claims for wantonness.

## IV. CONCLUSION

For the reasons stated above, plaintiff's complaint falls woefully short of the Fed. R. Civ. P. 8 pleading requires as articulated in *Iqbil* and *Twombley*, and even further from the pleading standards for fraud under Fed. R. Civ. P. 9(b). This Court should dismiss plaintiff's complaint with prejudice.

Dated:  May 25, 2017.

Respectfully Submitted,

 _/s/Michael D. Alltmont_____
Michael David Alltmont (admitted PHV)
Sessions Fishman Nathan & Israel
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-3700
504-828-3700
Fax: 504-828-3737
Email: malltmont@sessions.legal

Laura C. Nettles, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100,
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile:  (205) 967-2380
Email: lnettles@lgwmlaw.com

*Attorneys for Defendants,*
*Diversified Consultants, Inc. and*
*Jefferson Capital Systems, LLC*

23

## APPENDIX III.D. CERTIFICATION

I have affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.


_/s/Michael D. Alltmont_____
Michael David Alltmont (admitted PHV)


## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2017 a copy of the foregoing was served electronically via CM/ECF on the following:

H. Gregory Harp, Esq.
Gregory Harp LLC
459 Main Street, Suite 101-266
Trussville, AL 35173

_/s/Michael D. Alltmont_____

Attorney